# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

VAN CHARLES TAYLOR,

    Plaintiff,

v.

N.J. STATE ADULT PAROLE BOARD, et al.,

    Defendants.

Civil Action No. 17-11275 (PGS)

**MEMORANDUM AND ORDER**

Plaintiff Van Charles Taylor, a prisoner currently confined at the South Woods State Prison in Bridgeton, New Jersey, seeks to bring this civil action *in forma pauperis* ("IFP"), without prepayment of fees or security, asserting claims pursuant to 42 U.S.C. § 1983. The Court previously denied Plaintiff's IFP application, on the account that he did not submit a six-month prison account statement as required by federal law. ECF No. 2. Presently before the Court is Plaintiff's second IFP application. ECF No. 5.

Once again, Plaintiff fails to attach a proper six-month account statement. He attaches a statement only from his current jail for the period between November 1, 2017 and December 4, 2017, which is not the six-month period immediately preceding the filing of the Complaint on November 2, 2017. Plaintiff alleges that this is because he was recently moved by the state, but federal law requires prisoners to obtain statements from *each* prison at which they were incarcerated during the relevant six-month period, which the Court already noted in its prior order. ECF No. 2 at 1. Plaintiff also asserts that he has only been "illegally incarcerated" for the past three months, ECF No. 4 at 2, implying his belief that he only needs to submit prison account statement(s) for those three months. That is not the law. It is clear from the Complaint that Plaintiff

has been continuously incarcerated for the better part of three decades, ECF No. 1 at 6, so Plaintiff must obtain certified prison account statement(s) covering the period between May 2, 2017 and November 2, 2017, even if this requires Plaintiff to obtain statements from multiple prisons, and regardless of whether Plaintiff is only challenging his incarceration for the past three months. As such, the second IFP application is denied.[1]

IT IS therefore on this 27 day of November, 2017,

**ORDERED** that the Clerk shall **REOPEN** the case by making a new and separate docket entry reading "CIVIL CASE REOPENED"; it is further

**ORDERED** that Plaintiff's request to proceed *in forma pauperis*, ECF No. 5, is hereby **DENIED WITHOUT PREJUDICE**; it is further

**ORDERED** that the Clerk shall **ADMINISTRATIVELY TERMINATE** this case, without filing the complaint or assessing a filing fee; it is further

**ORDERED** that if Plaintiff wishes to reopen this case, he shall so notify the Court, in writing addressed to the Clerk of the Court, within 30 days of the date of entry of this Order; Plaintiff's writing shall include either (1) a complete, signed *in forma pauperis* application, including proper certified six-month prison account statement(s), or (2) the $400 fee including the $350 filing fee plus the $50 administrative fee; and it is further

---

[1] The Court also notes that Plaintiff seeks release from his incarceration, which he cannot do in a § 1983 action. "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Should Plaintiff satisfy his fee requirements for this action, the Court is likely to dismiss the action anyway.

**ORDERED** that the Clerk shall serve this Order upon Plaintiff by regular mail.

_____
Peter G. Sheridan, U.S.D.J.